[No. 13514. Department One. January 31, 1917.]

ERNEST P. MARKS et al., *Respondents*, v. B. F. REED et al.,
*Appellants*.[1]

PARTNERSHIP—CROPPING CONTRACT—CONSTRUCTION. Under a contract of partnership by which M. and R. were to be half partners in a crop, M. to put in his work and R. to furnish a man against him, and to have a reasonable price for the use of his horses and machinery and for boarding the men, M. was entitled to the reasonable value of his labor, but not for his own board while working for the firm.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered August 10, 1915, upon findings in favor of the plaintiffs, in an action for an accounting, tried to the court. Modified.

*Bogle, Graves, Merritt & Bogle* and *Hovey & Hale*, for appellants.

*E. K. Brown*, for respondents.

PER CURIAM.—Action for an accounting between copartners. The following three items only are in dispute: The amount allowed against the partnership for the labor of appellant E. P. Marks, the amount allowed for the use of horses furnished by him, and the amount allowed for boarding himself while working for the partnership.

The contract of partnership, according to the testimony of Marks, which is not disputed, is as follows:

[1]Reported in 162 Pac. 546.

"Reed said, 'I will go in with you as half partner; half the crop, half the expense, reasonable price for horse hire and board.' My work would go in if he [Reed] would furnish a man against me. I was to be paid a reasonable price for the use of my horses and machinery and for boarding the men."

It is not contended that Reed furnished a man to offset Marks' work. Therefore, under the contract, Marks was entitled to the reasonable value of his labor. The amount allowed by the lower court is reasonable and amply supported by the evidence. The amount allowed for the use of horses furnished to the partnership by Marks, while apparently large, is within the evidence, and the basis adopted by the trial court for ascertaining the amount was correct. No evidence upon this question was introduced by appellant, and if we should undertake to reduce the amount, our action would be purely arbitrary.

The claim of Marks to have allowed against the partnership the reasonable value of boarding himself while working for the firm is not within the terms of the contract, and no allowance therefor should have been made. We find the amount allowed for this item to have been $635.40. The judgment will be modified to that extent, and the cause will be remanded with direction to deduct from the total amount allowed Marks against the partnership the sum of $635.40, and enter judgment accordingly. Appellant will recover costs in this court.